# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MICHELLE KERSTETTER,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 13-CV-342-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Michelle Kersetter, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 15, 2010, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held November 17, 2011. By decision dated February 2, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 16, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 39 years old on the date of alleged onset of disability and 41 at the time of the ALJ's denial decision. She has a high school education and some vocational training. Plaintiff formerly worked as a commercial cleaner, cashier, pottery designer, and retail store manager. She claims to have been unable to work since December 1, 2009 as a result of pain from a right shoulder injury, depression, bipolar disorder, anxiety, and a substance abuse disorder.

## **The ALJ's Decision**

The ALJ determined that Plaintiff is capable of performing a full range of light and sedentary work, except she is unable to climb ropes, ladders and scaffolds, and is unable to work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts. She is limited to only occasional overhead reaching with her right (non-dominant) arm. She is unable to perform tasks requiring gripping strength in excess of 10 pounds in her right hand. She has the ability to perform tasks requiring frequent fingering, feeling, and handling of smaller objects. She is able to

2

understand, remember, and carry out simple instructions in a work-related setting, and is able to interact with co-workers and supervisors under routine supervision, but is unable to interact with the public more than occasionally. [R. 22-23].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to include all of her mental and physical limitations in the Residual Functional Capacity (RFC) finding and the hypothetical question posed to the vocational expert, and failed to perform a proper credibility determination.

### **Analysis**

#### Formulation of Hypothetical Question and RFC

Plaintiff argues that the ALJ's decision should be reversed and the case remanded because the RFC and hypothetical question to the vocational expert failed to include all of her limitations. The testimony elicited by hypothetical questions posed to a vocational expert cannot constitute substantial evidence to support a decision when the hypothetical question does not relate with precision all the claimant's impairments. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991). However, in posing a hypothetical question, an ALJ

need only set forth those physical and mental impairments which are accepted as true by the ALJ. *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990).

According to Plaintiff, the ALJ erred when he asked the vocational expert to assume the ability to perform the exertional requirements of light and sedentary work. [Dkt. 20, p. 4; R. 77]. Since the hypothetical failed to specifically articulate how long Plaintiff could perform walking, standing, and sitting, Plaintiff argues that the hypothetical is defectively imprecise. It is preferable for the ALJ to articulate the parameters of the claimant's ability to walk, stand, and sit. However, the terms sedentary and light work are terms of art that are well defined in the regulations and in the *Dictionary of Occupational Titles* (DOT), published by the Department of Labor. *See* 20 C.F.R. §§ 404.1567, 416.967. Since those terms have such widely understood meanings, the ALJ's hypothetical question which employed those terms was acceptably specific. Furthermore, Plaintiff has not pointed the court to any evidence in the record to support the inclusion of limitations on her ability to walk, stand, or sit, nor has the undersigned found any evidence of such limitations in the record. Accordingly, even if it was error for the ALJ to not more specifically define Plaintiff's capacity for walking, standing, and sitting, such error was harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)(reversal not required where certain technical errors are minor enough not to undermine confidence in the determination of the case).

The ALJ's hypothetical question and RFC appropriately accounted for those physical limitations that are supported by the record: limited overhead lifting with the right arm; limited gripping with the right hand; and limitations in the ability to climb and perform work around dangerous or moving machinery. [R. 22-23, 25, 77-78]. Plaintiff argues that the finding of the ability to perform occasional overhead lifting with the right arm does not fully

4

capture the extent of the functional limitations in her right shoulder. Plaintiff states this is important because the jobs the vocational expert identified require frequent to constant reaching.

Plaintiff asserts that the consultative examiner's findings of a reduced range of motion in the right shoulder represents a greater loss of function than the ALJ's restriction of reaching overhead only occasionally with the right arm. In arguing for an RFC with greater limitations, Plaintiff's brief expresses the consultative examiner's range of motion findings in terms of a percentage of loss of motion. [Dkt. 20, p. 5]. However, that is not how the examiner's findings were expressed. The examining physician measured Plaintiff's right shoulder range of motion in terms of the angle of movement Plaintiff's shoulder was capable of producing without pain, as measured from a standard neutral position for the particular movement.[2] [R. 275]. The examiner's range of motion angle gave the ALJ a clear picture of Plaintiff's ability to move her shoulder and the ALJ's decision demonstrates that he took Plaintiff's shoulder limitation into account in formulating the hypothetical question and the RFC.

The ALJ accurately summarized the medical record noting, "there is virtually no medical evidence to support the claimant's allegation of a physical impairment as of the alleged onset date." [R. 25]. The ALJ noted the objective findings of the consultative

---

[2] Plaintiff's shoulder abduction (the ability to raise the arm upward from the side of the body) was 100 degrees, slightly above shoulder height, whereas abduction to 150 degrees is considered normal. [R. 275]. Forward elevation (the ability to raise the arm forward from the side of the body) was measured at 120 degrees, above shoulder height, whereas forward elevation to 150 degrees is considered normal. *Id.* Plaintiff's internal shoulder rotation (the ability to move the forearm across the body or out to the side with the upper arm affixed to the side of the body) was measured with internal (across the body) rotation at 30 degrees and external (away from the body) rotation at 40 degrees with normal being 80 and 90 degrees, respectively. *See* https://dwd.wisconsin.gov/dwd/publications/wc/images/f9-13.gif (diagram explaining terms and related movements).

examination, *Id.*, and the description of Plaintiff's daily activities by her mother, [R. 28]. The ALJ also stated that he took into account the opinions of the Disability Determination Services (DDS) consultants, [R. 28], who are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. §§ 404.1527(f)(2)(i); 416.927(f)(2)(i). The DDS consultants reviewed Plaintiff's medical records and opined that Plaintiff could perform light and sedentary work without any limitations in the ability to reach. [R. 304-312]. Considering the consultative examination results, the ALJ found that the evidence supported a limitation in Plaintiff's ability to reach overhead with the non-dominant right arm and to grip with the right hand. These limitations were included in the hypothetical question and in the RFC. [R. 22, 28].

The undersigned finds that the hypothetical question and RFC are supported by substantial evidence in the record. In making this finding, the undersigned notes that the possibility that the evidence might support a contrary finding does not prevent the ALJ's finding from being supported by substantial evidence. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)(the court may not displace the Agency's choice between two fairly conflicting views).

The undersigned rejects Plaintiff's argument that the ALJ erred by failing to include a "moderate limitation in the ability to concentrate, persist, or pace" in the hypothetical question and the RFC. [Dkt. 20, pp. 4-5]. Where, as in this case, there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique

(PRT), in the decision.  20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same).  The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00 (C).  However, as the ALJ noted in his decision, these "paragraph B" limitations are not an RFC assessment, rather they rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.  [R. 22].  The ALJ stated that the RFC assessment reflects the degree of limitation found in the "paragraph B" mental function analysis.  *Id.*

Instead of expressing the hypothetical question to the vocational expert and the RFC in the broad generalities of a limitation of concentration, persistence, or pace, the limitations are properly expressed in terms of the ability or inability to perform work-related activities. The Mental Residual Functional Capacity Assessment form completed by the state agency consulting expert, Carolyn Goodrich, Ph.D., [R. 300-312], breaks down the ability to maintain sustained concentration and persistence into eight separate work-related abilities. [R. 300-301].  One such ability is "the ability to carry out detailed instructions."  [R. 300]. In that area Dr. Goodrich found Plaintiff to be "moderately limited."  [R. 300].  Dr. Goodrich did not find Plaintiff to be limited in any other work-related ability under the category of maintaining sustained concentration and persistence.  [R. 300-01].  In particular, the undersigned notes that Dr. Goodrich found Plaintiff to have no significant limitation in the

"ability to carry out very short and simple instructions." [R. 300]. By limiting Plaintiff to understanding, remembering, and carrying out simple instructions in a work-related setting, the ALJ incorporated the work-related limitations that flow from the "paragraph B" finding of moderate limitations in concentration, persistence, or pace into the hypothetical question and the RFC. [R. 22, 78].

In at least one unpublished opinion, the Tenth Circuit has rejected the argument Plaintiff advances here. The Tenth Circuit has held that an ALJ does not err where the RFC includes limitations contained in a mental RFC assessment form but does not also contain "paragraph B" language. *Lull V. Colvin*, 535 Fed.Appx. 683, 686-687 (10th Cir. 2013), *see also*, *Pryce-Dawes v. Colvin*, 2013 WL 5728546 (N.D. Okla.)(same). The Tenth Circuit cases Plaintiff cited do not support her argument that the ALJ must employ the PRT language in expressing the hypothetical question and the RFC. In *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013) the Court reversed the ALJ's decision because the ALJ's conclusions were not supported by substantial evidence. *Id.* at 1069. In *Frantz v. Astrue*, 509 F.3d 1299, 1303 n.3 (10th Cir. 2007) the Court noted that at step three the ALJ found Plaintiff had moderate limitations in social functioning and moderate limitations in concentration, persistence, or pace, but these limitations were not included in the RFC. The Tenth Circuit said the inconsistency should be addressed on remand. However, the Tenth Circuit did not say, as Plaintiff seems to argue, that the ALJ was required to include the language contained in the PRT finding in the hypothetical question and RFC. Further, the *Frantz* case was remanded because the ALJ erred in accepting some moderate limitations contained on the mental RFC assessment form while rejecting others without discussion. *Id.* at 1302-03. That situation is not present in this case.

The undersigned finds that the ALJ did not, as Plaintiff argues, fail to include his own findings of mental restrictions in the hypothetical question and RFC.

Credibility

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including: Plaintiff's sporadic work history; medical records fail to reflect the level of anxiety or hopelessness about which Plaintiff testified; inconsistencies in statements about illegal drug use; inconsistencies between Plaintiff's report to consultative examiner and to the treating psychiatrist; and the inconsistency of collecting unemployment benefits with the attendant representation that she was able to work with her representation for disability purposes that she was unable to work during the same time period. [R. 25-28]. The ALJ thus properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

Plaintiff offers arguments against the factors cited by the ALJ in support of his credibility finding. The court views those arguments as an invitation to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

**Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 26, 2014.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 12th day of August, 2014.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE